**AMY E. POTTER**, OSB No. 231794
amy@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**MICHEAL BERTHOLF**, OSB No. 044642
michaelbertholaw@gmail.com
Law Offices of Michael P Bertholf LLLC
108 Mistletoe St
Medford, OR 97501
Telephone: (541) 245-9167
Facsimile: (541) 773-6790

*Attorneys for Defendant Sakima Zuberi*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff. <br><br> v. <br><br> NEGASI ZUBERI, aka JUSTIN JOSHUA HYCHE, aka SAKIMA ZUBERI, <br><br> Defendant. | Case No. 1:23-cr-00254-MC <br><br> **MOTION TO DISMISS COUNT THREE FOR LACK OF FEDERAL JURISDICTION** |

The government has charged Mr. Zuberi with kidnapping in violation of 18 U.S.C. § 1201, based on a completely intra-state incident. This—at its core—is a state not a federal crime and it should be dismissed for lack of jurisdiction. *See* Fed. R. Crim. Pro. 12(b). In the alternative, the Court should limit the government to the alleged instrumentalities of interstate

comment contained in the indictment and require the government to prove at trial how each (1) facilitated the kidnapping and (2) is an instrumentality of interstate commerce.

## INTRODUCTION

According to the government's allegations—which Mr. Zuberi strongly disputes—on May 6, 2023, AV2 got into a car with Mr. Zuberi outside a bar in Klamath Falls, Oregon. AV2 alleges that he took her, against her will, to his home in Klamath Falls. At the end of the evening, Mr. Zuberi took AV2 home at her request—also in Klamath Falls—but prior to dropping her off, he gave her some cash that he obtained from an ATM in Klamath Falls. Based on this the government charged Mr. Zuberi with kidnapping in violation of 18 U.S.C. § 1201. The government alleges that Mr. Zuberi used his car, his phone, and the ATM during the commission of the offense and that those items are sufficient to establish jurisdiction.

## ARGUMENT

The federal kidnapping statute punishes someone who "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" and "travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). The government has seized on the second portion of the statute that criminalizes using an "instrumentality of interstate [] commerce" to turn a local incident into a federal crime. This should not be permitted; local crimes should be left to the state to prosecute. *See Bond v. United States*, 572 U.S. 844, 848 (2014). And count three should be dismissed because it fails to state a cognizable offense. *United States v. Milovanovic*, 678 F.3d 713, 717, 719-720 (9th Cir. 2012).

The kidnapping statute was passed pursuant to Congress' commerce clause power. The federal kidnapping statute was initially passed to punish interstate kidnapping, but was was amended in 2006 as part of the Adam Walsh Child Protection and Safety Act of 2006 to allow federal jurisdiction for any kidnapping that used any instrumentality of interstate commerce. Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109–248, 120 Stat. 616 (codified at 18 U.S.C. § 1201(a)(1)). Congress provided no explanation for the basis for expanding the kidnapping statute. *United States v. Mitchell*, No. CR2201545TUCRMEJM, 2024 WL 915245, at *11 (D. Ariz. Mar. 4, 2024)

The Supreme Court has identified three broad categories of activities that Congress may regulate under this power: (1) "the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) "activities substantially affecting interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558 (1995).

Many courts have analyzed the kidnapping statute under the second prong of *Lopez*; the question those courts have asked is whether the kidnapping involved an instrumentality of interstate commerce. *Mitchell*, 2024 WL 915245, at *4 and n.2 (citing both circuit and district court cases analyzing the kidnapping statute pursuant to prong two). But allowing the use of any instrumentality of interstate commerce, like a phone or a car, to establish federal jurisdiction for an intrastate crime essentially eviscerates any limits on Congress' power to regulate interstate commerce. *Cf. United States v. Allen*, 86 F. 4th 295, 308-14 (6th Cir. 2023) (Murphy, J. concurring) (discussing concerns about extending the commerce clause to allow prosecution of crimes committed solely in one state simply because a car or phone was used). And Congress'

failure to explain its reasoning when expanded the kidnapping statute so broadly, complicates the Commerce Clause analysis. *Mitchell*, 2024 WL 915245, at 11.

As such, the defense believes that the third prong—a substantial effect on interstate commerce—is a more appropriate measure of the statute as applied here. And under that prong, the crime charged in count three exceeds Congress' power under the Commerce Clause. The defense acknowledges that multiple courts have rejected the argument that the third *Lopez* prong applies to the kidnapping statute. *See, e.g. United States v. Glover,* 672 F. Supp. 3d 1072, 1086 (D. Or. 2023) (rejecting the application of the third *Lopez* category to the kidnapping statute). Yet, applying the third prong would more appropriately criminalize only conduct that impacts interstate commerce.

In this case, the government alleges that Mr. Zuberi used a cell phone, a car, and an ATM to commit the kidnapping. The defense acknowledges that in other contexts this has been sufficient to establish jurisdiction for federal crimes in the Ninth Circuit. *See United States v. Dela Cruz,* 358 F.3d 623, 625 (9th Cir. 2004) (holding that a telephone was an instrumentality of interstate commerce under the second prong of the *Lopez* test);*United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995) (holding that cars are instrumentalities of interstate commerce for purposes of car-jacking statute); *United States v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997) (cell phones are instrumentalities of interstate commerce). And other circuits have found those sufficient for the kidnapping statute. *See United States v. Protho*, 41 F.4th 812, 829 (7th Cir. 2022) (concluding that motor vehicles was instrumentalities of interstate commerce for purposes of interstate-commerce element of kidnapping statute); *United States v. Morgan*, 748 F.3d 1024, 1031-32 (10th Cir. 2014) (finding that an indictment that alleged that defendants used a cell phone, GPS and the internet while kidnapping the victim was sufficient to establish a nexus to

interstate commerce); *United States v. Bachicha*, No. 1:19-CR-02328-MLG-1, 2023 WL 8566503, at *1–2 (D.N.M. Dec. 11, 2023) (concluding that use of a motor vehicle was sufficient to establish federal jurisdiction over an in-state kidnapping and summarizing the law on this issue).

But the Ninth Circuit has not yet ruled on whether the use of instrumentalities of interstate commerce during a solely intrastate kidnapping is sufficient to establish federal jurisdiction over a kidnapping charge. *See Mitchell,* 2024 WL 915245, at *4. Many district courts have concluded that the allegation that a vehicle or a cell phone is used is sufficient. *See, e.g., Glover,* 672 F. Supp. 3d at 1086. But at least one court in another Circuit has concluded that the use of a vehicle during a non-economic kidnapping was insufficient to establish federal jurisdiction. *United States v. Chavarria*, No. 22-CR-1724-KG, 2023 WL 3815203, at *8 (D.N.M. June 5, 2023), appeal filed No. 23-2102 (10th Cir.). And in *Mitchell*, the court concluded that a vehicle could be an instrumentality of interstate commerce, but the government was required to put on evidence to establish how it was an instrumentality of interstate commerce. 2024 WL 915245, at *15.

Here, as applied, the kidnapping statute covers purely intrastate conduct. The expansion of federal criminal jurisdiction to state crimes is at odds with the approach that has been taken by the Supreme Court. *Allen*, 86 F. 4th at 308-14) (Murphy, J. concurring). Where, as here, you have a car that was used to transport an alleged victim just a few blocks, a cell phone that appears to have been used solely to record a brief moment of the encounter, and the use of an ATM to withdraw money prior to dropping the alleged victim at her home—when she was in no way being constrained—there seems to be little basis for concluding this was a federal crime. Count three should be dismissed for lack of jurisdiction.

To the extent this Court declines to dismiss count three, the government should be required to establish (1) how the vehicle, phone and/or ATM facilitated the alleged kidnapping and (2) how each is an instrumentality of interstate commerce. *Mitchell,* 2024 WL 915245, at *11.

## **CONCLUSION**

Count three should be dismissed for lack of jurisdiction.

DATED this 22nd day of April 2024.

Respectfully submitted,

ANGELI LAW GROUP LLC

*s/ Amy E. Potter*
Amy E. Potter
amy@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorney for Defendant Sakima Zuberi*