**AMY E. POTTER**, OSB No. 231794
amy@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**MICHAEL BERTHOLF**, OSB No. 044642
michaelbertholaw@gmail.com
Law Offices of Michael P Bertholf LLLC
108 Mistletoe St
Medford, OR 97501
Telephone: (541) 245-9167
Facsimile: (541) 773-6790

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff.<br><br>v.<br><br>NEGASI ZUBERI, aka JUSTIN JOSHUA HYCHE, aka SAKIMA ZUBERI,<br><br>Defendant. | Case No. 1:23-cr-00254-MC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS FOUR-SEVEN** |

Defendant previously filed a motion to dismiss Counts Four-Seven of the superseding indictment because those charges of being a felon in possession of firearms and/or ammunition violate the Second Amendment of the Constitution. ECF No. 70.

The motion was based on the Supreme Court's decision in *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1 (2022). Since *Bruen*, two decisions have been handed down that may impact this Court's decision on Mr. Zuberi's motion.

In *United States v. Duarte,* 101 F.4th 657, rehearing en banc granted, vacated by 108 F.4th 786 (9th Cir. 2024), a panel of the Ninth Circuit concluded that 18 U.S.C. § 922(g), as applied to a nonviolent felon, violated the Second Amendment. The Ninth Circuit granted rehearing *en banc* and vacated the panel opinion. Oral argument will be set in December 2024.

In *United States v. Rahimi*, 602 U.S. __, 144 S.Ct. 1889 (2024), the Supreme Court concluded that 18 U.S.C. § 922(g)(8), which prohibits possession by a person subject to a domestic violence restraining order, was constitutional as applied to Mr. Rahimi. The Court concluded that when "an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect." 144 S.Ct. at 1886.

What is clear from these decisions is that there continues to be debate about blanket prohibitions on possessing firearms and uncertainty about the application of 922(g) to felons. *See Duarte*, 108 F.4th at 787 (VanDyke, J. dissenting from grant of rehearing en banc) (noting that since *Bruen* "perhaps no single Second Amendment issue has divided the lower courts more than the constitutionality of the 18 U.S.C. § 922(g)(1) felon-disarmament rule's application to certain nonviolent felons"). The defense continues to believe dismissal is appropriate in this case.

DATED this 14th day of August 2024.

        Respectfully submitted,

        ANGELI LAW GROUP LLC

        *s/ Amy E. Potter*
        Amy E. Potter
        *Attorney for Defendant*