NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Jeff.Sweet@usdoj.gov
**NATHAN J. LICHVARCIK**
Nathan.j.Lichvarcik@usdoj.gov
**MARCO A. BOCCATO, OSB #103437**
Marco.Boccato@usdoj.gov
Assistant United States Attorneys
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 1:23-cr-00254-MC |
| v. | GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS |
| **NEGASI ISHAIAH ZUBERI, aka JUSTIN JOSHUA HYCHE,** | |
| Defendant. | |

The United States of America requests that should the government or defendant request a jury determination of the forfeiture of specific property pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), the Court give the following proposed instructions in its charge to the jury at the separate forfeiture trial following defendant's conviction:

/ / /

/ / /

**Government's Proposed Forfeiture Jury Instructions**                                                   Page  1

**FORFEITURE JURY INSTRUCTIONS:**

| | |
|---|---|
| 1.1 | Introduction |
| 1.2 | Previous Determinations and Instructions |
| 1.3 | Forfeiture—Transportation for Criminal Sexual Activity |
| 1.4 | Forfeiture—Firearms and Ammunition |
| 1.5 | Burden of Proof—Preponderance of the Evidence |
| 1.6 | Evidence Jury May Consider |
| 1.7 | Third Party Interests |
| 1.8 | Multiple Bases for Forfeiture |
| 1.9 | Instruction for Special Verdict Form for Forfeiture |

Leave is requested to file additional proposed forfeiture jury instructions as they may become appropriate during the course of the forfeiture phase of the trial.

Dated: October 18, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

s/ *Marco A. Boccato*
MARCO A. BOCCATO
Assistant United States Attorney

## 1.1 INTRODUCTION

Ladies and Gentlemen of the Jury, your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider. You must decide whether the government has proven a connection between certain property and the crimes charged.

In the Criminal Forfeiture Allegations, it is alleged that property is connected to the commission of the crimes. A description of this property is contained in the government's Second Bill of Particulars, which will be provided to you. In view of your verdict finding the defendant guilty, your task is to determine whether the government has established the proper nexus, that is a connection, between the specific property and the count(s) of which you have convicted him.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether the property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence presented to you during the forfeiture phase of this trial.

**Comment**

Authority: 18 U.S.C. § 1594; *Libretti v. United States*, 516 U.S. 29 (1995) ("criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offence").

"As soon as practicable after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed.R.Crim.P. 32.2(b)(1)(A).

"Forfeiture means the defendant is to be divested or deprived of his ownership or interest, if any, in property as a penalty for engaging in a continuing criminal enterprise. *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576 (9th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990).

Note: There are no Ninth Circuit model jury instructions for forfeiture.

## 1.2 PREVIOUS DETERMINATIONS AND INSTRUCTIONS

In your consideration, your previous determination that the defendant is guilty of having committed the offenses is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of the defendant.

Other than the standard of proof, all of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, duty to deliberate, and the necessity of a unanimous verdict apply with respect to your verdicts regarding forfeiture. The specific instructions I gave you earlier concerning the criminal acts and definitions also continue to apply.

### 1.3 FORFEITURE—TRANSPORTATION FOR CRIMINAL SEXUAL ACTIVITY

**If convicted of Count 2:**

Under federal law, any person who is convicted of a transportation for criminal sexual activity violation shall forfeit to the United States any property real or personal, used or intended to be used to commit or to facilitate the commission of any such violation.

Property that facilitated transportation for criminal sexual activity is any property used, or intended to be used, in any substantial way to promote transportation for criminal sexual activity or make such transportation for criminal sexual activity easier to conduct or harder to detect. This includes property that is used or intended to be used to commit or to facilitate the commission of any such violation. Property need not be indispensable to the commission of the transportation for criminal sexual activity violation and need not be used exclusively for the transportation for criminal sexual activity, to be facilitating property. The property need not have been used to transport the victim themselves. All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the transportation for criminal sexual activity violation. If a portion of the property is used in any way to facilitate the transportation for criminal sexual activity offense, then the entire property is forfeitable. Property that has not been used but was intended to be used to facilitate the commission of the offense shall also be forfeited.

### Comment

Authority: 18 U.S.C. § 2428

*United States v. Schifferli*, 895 F.2d 987, 990-91 (4th Cir. 1990) (facilitating property is anything that makes the offense easier to commit or harder to detect);

*United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005) (property is subject to forfeiture as facilitating property under § 853(a) even if only a portion of it was used to facilitate the offense);

*United States v. Huber*, 404 F. 3d 1047, 1060 (8th Cir. 2005) (facilitating property is anything that "makes the prohibited conduct less difficult or more or less free from hindrance");

*United States v. Puche*, 350 F. 3d 1137, 1153 (11th Cir. 2003) ("facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance").

## 1.4 FORFEITURE – FIREARMS AND AMMUNITION

**If convicted of Counts 4, 5, 6, or 7:**
Under federal law, a person who is convicted of Possession of a Firearm or Ammunition by a Convicted Felon, for which you have found the defendant guilty, is required to forfeit to the United States "any firearm or ammunition involved in or used in any knowing violation of . . . section 922 . . . ."

### Comment

Authority: 18 U.S.C. § 924(d)(1) ("Any firearm or ammunition involved in or used in . . . knowing violation of 922 [or]. . . section 924 . . . shall be subject to seizure and forfeiture . . . .").

28 U.S.C. § 2461(c) ("If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice for the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure.   If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case.").

## 1.5 BURDEN OF PROOF- PREPONDERANCE OF THE EVIDENCE

It is the government's burden to establish the required connection between the property and the offense(s) committed by the defendant. You should find that the government has met its burden if it has established that connection by a "preponderance of the evidence."

This is different from the standard applied to the guilt or innocence of the defendant. At that stage of the case, the government was required to meet its burden "beyond a reasonable doubt." At this forfeiture stage, however, the government need only establish its proof by a "preponderance of the evidence."

"Preponderance of the evidence" means you must be persuaded by the evidence that the government's claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

Criminal forfeiture need only be proved by a preponderance of the evidence. *United States v. Shyrock*, 342 F.3d 948, 991 (9th Cir. 2003) (Ninth Circuit joins all other circuit courts of appeals concluding that *Apprendi* "does not disturb the rule" that a preponderance of the evidence burden of proof in criminal forfeiture proceedings is constitutional), *cert. denied*, 541 U.S. 965 (2004); *United States v. Garcia-Guizar*, 160 F.3d 511, 517-18 (9th Cir. 1998); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (preponderance of evidence standard constitutional because forfeiture is not an element of offense but an additional penalty prescribed for that offense), *cert. denied*, 110 S. Ct. 3237 (1990). This includes RICO forfeiture. *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015) (standard of proof for RICO forfeiture is preponderance of the evidence); abrogation recognized by *United States v. Fujinaga*, No. 2:15-cr-0198-GMN-NJK, 2019 WL 2503939 (D. Nev. June 17, 2019).

*See* Ninth Circuit Manual of Model Civil Jury Instructions 1.6.

## 1.6 EVIDENCE JURY MAY CONSIDER

While deliberating, you may consider any evidence—including testimony—offered by the parties at any time during this trial. This includes evidence you have previously heard during the guilt phase of the trial and any additional evidence presented by the government and the defendant in this forfeiture phase of the trial.

**Comment**

"The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt." Fed. R. Crim. P. 32.2(b)(1)(B).

## 1.7 THIRD PARTY INTERESTS

You may see that certain properties may be held in the name of a person or entity other than or in addition to that of the defendant.

You should not be concerned about what might happen to the property. Thus, you should disregard any claims that other people or entities—whether family, friends, associates, or banks—may have to the property. Any interest another person may claim to have in such property can be taken into account later by this Court in imposing a sentence and disposing of the property. This is not for your consideration as jurors.

### Comment

"If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding . . ." Fed. R. Crim. P. 32.2(b)(2)(A).

"Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.  The hearing shall be held before the court alone, without a jury." 21 U.S.C. § 853(n)(2).

*United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; therefore, jury's return of special verdict of forfeiture says nothing about the ownership of the property).

## 1.9 MULTIPLE BASES FOR FORFEITURE

Property may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" theories. The Court will conduct additional proceedings later, if necessary, to account for possible overlapping. It is important, however, that you indicate on the special verdict form all bases on which you find the property subject to forfeiture.

## 1.8 INSTRUCTION FOR SPECIAL VERDICT FORM FOR FORFEITURE

You must reach a unanimous verdict as to each question on each special verdict form. Everyone must agree to any "NO" or "YES" answer you enter on a special verdict form.

A Special Verdict Form for Forfeiture has been prepared for your use. You are asked to determine whether the specified property was connected in one or more of the specified ways to the offenses for which the defendant was found guilty.

You may answer by simply putting an "X" or check mark in the space provided next to the words "NO" or "YES" in the space provided. You will take the Special Verdict Form for Forfeiture to the jury room and when you have reached unanimous agreement as to each question, you will have your foreperson fill in the form and notify the court bailiff. The foreperson must then sign and date the Special Verdict Form for Forfeiture.